IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RONALD R. WYATT,

    Plaintiff,

vs.

ADT SECURITY SERVICES, INC.,

    Defendant.

Case No. 10-CV-383-GKF-FHM

## OPINION AND ORDER

Defendant's Motion for Protective Order [Dkt. 21] is before the undersigned United States Magistrate Judge for decision. The Motion for Protective Order is GRANTED in part and DENIED in part, as set out herein.

On April 26, 2011, Plaintiff issued a notice to depose representatives of Defendant on 17 topics with the depositions to take place on May 4, 2011, the date of the discovery deadline. Defendant filed the instant motion objecting to some of the topics on various grounds, including that Plaintiff had not conducted any written discovery and some of the areas of inquiry are fact witness questions not suitable for a corporate representative. Defendant also asserted that although witnesses addressing some of the topics would be produced for deposition in Tulsa, the witness testifying on other topics should be deposed at its principal place of business in Boca Raton, Florida rather than in Tulsa, Oklahoma.

Since the briefing was completed on this matter, the court granted a 60-day extension of the discovery deadline to July 4, 2011. [Dkt. 35]. However, the court found that a blanket extension of the discovery deadline for written discovery was not warranted, except that Defendant was ordered to produce the "aging report" mentioned at Dkt. 31, p. 2. [Dkt. 34]. The undersigned will address the motion for protective order by topic in light

of the extension of the discovery deadline. Some of the objections may be moot since Plaintiff is now permitted to depose appropriate fact witnesses on topics that are more suitably addressed by such a witness.

## Location of Deposition

Defendant has stated it will produce witnesses in Tulsa to address all topics, except topics numbered 4, 7, and 13. As to those topics, Defendant states a corporate representative will be produced at the corporate place of business in Boca Raton, Florida. Defendant also states it is amenable to a telephonic deposition on those topics. Ordinarily, the deposition of a corporate representative is taken at the corporation's principal place of business. *Thomas v. International Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995)(quoting *Wright & Miller*, 8A Civil §2112 at 81). Plaintiff has not forwarded any reason why that procedure should be altered. The protective order is GRANTED as to the place of deposition for topics 4, 7, and 13. To the extent this order otherwise permits inquiry into those topics, the designated deponents for those topics may be deposed in Boca Raton, Florida.

## Topics Which are Essentially Written Discovery

Plaintiff has not conducted any written discovery in this case. As mentioned above, the Court has extended the discovery deadline for depositions, but except for the production of a single report, has not extended the deadline for written discovery requests. A number of the topics upon which Plaintiff seeks a corporate representative deposition are essentially a substitute for what is essentially written discovery. Deposition on those topics would require that a corporate representative essentially read the information sought into

2

a deposition transcript. Defendant will not be required to prepare a corporate representative to read reports into the record.

### Defendant's Financial Condition

Topic 4 seeks testimony concerning "Defendant's financial condition including gross and net income statements for the past 3 years." [Dkt. 21-3, p. 4]. Defendant has no obligation to produce a witness to read that information into the record. However, to the extent Plaintiff has obtained gross and net income statements for that time period and has specific questions to ask a knowledgeable corporate representative about those statements, Plaintiff is permitted to do so.[1] Counsel are directed to confer to determine whether a deposition on this subject is necessary in light of this ruling.

### Reduction in Force Affecting Plaintiff

Topic 5 seeks testimony about "Defendant's reduction in force which terminated Plaintiff's employment including, but not limited to, all others subject to this reduction in force." Defendant objects to this topic to the extent it calls for a witness to recite lists or memorize data to answer questions.

Plaintiff responds that previous deponents have testified that in a nationwide reduction in force, the Tulsa office reduced its employees by one. That one person was Plaintiff. Plaintiff asserts that the previous deponents did not know why the particular Tulsa department was selected for a reduction and didn't know who had the documentation on the subject. Nor did the deponents know whether others in the Tulsa office had more

---

[1] Defendant has not made a specific objection as to the relevancy of this topic. A relevancy objection is contained in Defendant's "general objections." The undersigned has not considered any objections that are not specifically addressed to a particular topic. It is not appropriate to expect the court to sift through general objections to determine which ones might apply to a particular topic.

tardies than Plaintiff, but that information should be available in the personnel files. Plaintiff asserts that "some witness should be required to produce that evidence." [Dkt. 29, p. 7].

Plaintiff may inquire generally about the execution of the reduction in force that affected him and may inquire in detail about the reasons he was selected. Plaintiff may not, however, use the 30(b)(6) deposition on these topics as a substitute for obtaining volumes of documents, reports, or personnel files that he did not seek earlier in the litigation through written discovery.

All Other Complaints, Claims, and Lawsuits Regarding FMLA or Disability Complaints

In topic 7 the notice states Plaintiff seeks to depose a corporate representative about "[a]ll other complaints, claims and lawsuits within the past 7 years against Defendant alleging FMLA or disability complaints." [Dkt. 21-3, p. 4]. In response to Defendant's objection that the request is overbroad in time and geographic scope, Plaintiff stated "[t]he geographic scope is nationwide and the time frame as far back as the Defendant has records." [Dkt. 29, p. 8]. In response to Defendant's suggestion that the discovery be limited to work sites where Plaintiff worked, supervisors to whom he reported, and only those employees to whom he was similarly situated, Plaintiff asserts that Defendant's policy concerning such complaints is not so limited. *Id.*

It is not unreasonable for Defendant to prepare a corporate representative to testify as to Defendant's policy and the procedure for handling such complaints and Defendant will be required to do so. Plaintiff has not forwarded any argument that would justify production of information about specific cases nationwide for an unlimited time frame, or even for the seven years requested in the notice. Nor has Plaintiff provided any reason

why limiting discovery to information about specific instances of such claims to his own work sites and supervisors is unreasonable.

Taking into account the burden of the scope of Plaintiff's proposed discovery and considering that Plaintiff has not demonstrated that the needs of the case require such a wide scope or that the proposed discovery is necessary in resolving the matters at issue, Plaintiff's inquiry about specific complaints, claims and cases will be limited to those involving his work sites and supervisors for a period of 7 years. Fed. R. Civ. P. 26(b)(2)(C)(iii).

## Backlog of Work

Topic 9 seeks testimony regarding the backlog of work to be performed by high volume and commercial for the Tulsa office for November 2008 to March 2009. Defendant objects on the basis that this topic would require a witness to recite lists and memorize data. Plaintiff states when Theresa Boyll was deposed she testified she would need to consult a backlog report to answer a question regarding the backlog. Plaintiff asks that a witness be produced who has done so.

Defendant has not provided specific information about the backlog report and therefore its argument that preparing a witness to testify about the backlog would be unduly burdensome is not persuasive. The motion for protective order is denied as to topic 9.

## Hiring of Workers Since 2009

Topic 10 seeks testimony about "[a]ll hiring of workers for high volume and commercial for the Tulsa office since 2009." Defendant argues that since Plaintiff's employment was terminated in early 2009, this information is irrelevant. Plaintiff asserts that at his deposition Mr. Roley was asked about employees who had been hired shortly

after Plaintiff's employment was terminated. He testified that a replacement was hired in January 2010. Plaintiff states that since he wasn't offered his job back, "hiring practices after his termination are relevant in evaluating the reduction of force rationale." [Dkt. 29, p. 9]. In reply, Defendant states that Plaintiff has not made any failure-to-hire allegations in his lawsuit and Plaintiff's claims are limited to the alleged facts leading up to and including his termination. Therefore Defendant argues it should not have to prepare a corporate representative on this topic.

It is clear that Plaintiff has already discovered some information about the hiring of a replacement for him. Plaintiff has provided no information about what else he seeks to discover about this topic. Defendant argues it should not have to prepare a witness on the topic but does not assert that it would be unduly burdensome to do so. Taking these considerations into account and finding that the topic meets the broad requirements of relevancy for discovery purposes, the Motion for Protective Order is DENIED for topic 10.

Authentication of Documents

Topics 11 and 15 seek authentication of documents. Although normally handled by stipulation, if there is a dispute as to the authenticity of documents, authentication is an appropriate subject for a deposition of a corporate representative. To the extent Plaintiff possesses the subject documents, the Motion for Protective Order is DENIED as to topics 11 and 15.

Plaintiff's Attempts to Take FMLA in 2009

Topic 12 addresses "Plaintiff's attempts to take FMLA in 2009." [Dkt. 21-3, p. 5]. Defendant objects on the basis that the topic "assumes facts not in evidence." [Dkt. 21, p.

6]. Defendant did not elaborate on its objection. The meaning of such an objection in this context is not clear. The Motion for Protective Order is DENIED as to topic 12.

### Previous Reductions in Force

Topic 13 seeks testimony about Defendant's previous reductions in force for the past 10 years. In addition to boilerplate objections as to the relevancy and burdensomeness of the topic, Defendant objects to this topic on the basis that it is overbroad in time and geographic scope. No information is provided about how many reductions in force occurred over the past 10 years or how many employees or departments were involved. Thus, Defendant has not demonstrated that the topic is overbroad or that responding would be unduly burdensome. Defendant asserts that Plaintiff should be limited to discovery about only the reduction that applied to him. Defendant has not demonstrated any reason for making such a limitation.

It is not unreasonable for Defendant to prepare a witness to testify generally about past reductions over the past 10 years, the number of employees involved, and the general basis for decision-making as to how reductions were made. The Motion for Protective Order is DENIED as to topic 13.

### Aging Reports

Topic 16 seeks testimony about "[a]ging reports and any other indicators of workload for the high volume and commercial departments for the Tulsa office from November 2008 to March 2009". [Dkt. 21-3, p. 5]. Aside from an objection to the breadth and relevancy of the topic, Defendant objects on the basis that testimony on the topic would require the deponent to recite lists or recall memorized data.

7

The Order entered on May 16, 2011 requires "ADT to produce to Wyatt the 'aging report' mentioned at Dkt. #31, p. 2." [Dkt. 34]. The undersigned finds that in light of the required production of the "aging report," it is not unreasonable to require Defendant to prepare a corporate representative to prepare to testify about its contents. The Motion for Protective Order is DENIED as to topic 16, but only insofar as it concerns the referenced "aging report."

Workload per Employee

Topic 17 seeks information about the "workload per employee for all employees in the high volume and commercial departments in Karen Hawkins' region from November 2008 to March 2009." [Dkt. 21-3, p. 5]. Defendant objects on the basis that the topic is overbroad, burdensome, irrelevant, and would require the recitation of lists and memorization of data.

Plaintiff responds that the issue of workload came up in previous depositions and it was explained that the best indicator of workload is the number of workable jobs available, which could be determined by looking at reports. Plaintiff states that the information has a bearing on whether it was appropriate to downsize the unit in which Plaintiff was employed and the information could easily be documented. [Dkt. 29, p. 10].

In its reply brief Defendant explained that the request for workload per employee is unduly burdensome because Karen Hawkins is responsible for seven states and El Paso. Defendant further explained that the only relevance of workload is that the Tulsa office was

8

selected for a reduction in force over the Oklahoma City office because the Tulsa office had a lighter workload in February 2009. [Dkt. 30, p. 5].[2]

This is the type of information which is appropriate for written discovery. The corporate representative will not be required to read reports into the deposition record.[3] As with topic 4, to the extent Plaintiff possesses information concerning the workload per employee and has specific questions to ask a knowledgeable corporate representative about that information, Plaintiff is permitted to do so. Counsel are directed to confer to determine whether a deposition on this subject is necessary in light of this ruling.

## Conclusion

Defendant's Motion for Protective Order [Dkt. 21] is GRANTED in part and DENIED in part as set out herein. Counsel are directed to confer to determine the best way to proceed in light of this Order. Should difficulties arise in completing discovery in this case counsel are encouraged to use the expedited procedure set out in LCvR 37.2.

SO ORDERED this 23rd day of May, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant's explanations are the type of information expected to support a claim of burdensomeness. It is also expected that such explanations appear in an opening brief, rather than in a reply brief.

[3] It is not clear whether Plaintiff is seeking a jobs per employee figure for each and every individual employee in the region, or whether Plaintiff wants a calculation of the number of jobs divided by the number of employees for each office in the area for which Karen Hawkins has responsibility. Since Plaintiff's arguments on this topic refer to the privacy of employees, it appears that Plaintiff is seeking an employee-by-employee calculation. [Dkt. 29, p. 10]. Plaintiff's discovery is denied for the additional reason that an employee-by-employee calculation would be unduly burdensome.